## B. F. Rork v. A. B. McDavid.

1. SET-OFF—*When Unsuccessfully Pleaded Amounts to an Adjudication.*—Where a party brings an action in the County Court and is afterward made a defendant to a suit in the Circuit Court brought by the defendant in the County Court and pleads his cause of action as a set-off in such suit, he waives his action in the County Court, and after his defeat upon such plea and a final adjudication upon it by the Circuit Court, he can not be heard to litigate such matter again.

2. PUIS DARRIEN CONTINUANCE—*Effect of Pleading the Plea.*—By pleading the plea *puis darrien continuance* the pleader waives all his former pleas.

Trespass to Personal Property.—Appeal from the County Court of Moultrie County; the Hon. JOHN D. PURVIS, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed September 11, 1900.

E. J. MILLER and JOHN R. EDEN, attorneys for appellant.

MEEKER & MEEKER and W. K. WHITFIELD, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee brought this suit in trespass against appellant

for taking 6,000 pounds of broom corn from the barn of the former. Pleas of the general issue and license were in the first instance interposed, and after continuance of the cause in the County Court appellant sued appellee in the Circuit Court in action of assumpsit for failure to deliver broom corn according to contract. Appellant obtained leave in the County Court to plead matters arising since the last continuance of the cause in such court, and under such leave pleaded to the effect that in the suit in the Circuit Court appellee filed a plea of set-off, in which, by way of set-off against the claim of appellant in such action in the Circuit Court, he pleaded the broom corn alleged to have been taken in this suit, that an issue was made upon such plea of set-off, a trial by jury had thereon in which appellant recovered a verdict and judgment against appellee for $73.65, wherefore the subject-matter of said broom corn became adjudicated. The court sustained the demurrer to this plea, and appellant stood by it. A trial by jury was had, however, upon the issue formed upon the other pleas, which resulted in a verdict and judgment against appellant for $168, to reverse which he brings this appeal and argues in error that the court sustained the demurrer to the plea as stated, admitted improper evidence and rejected evidence material to the issues offered by appellant, misdirected the jury and refused proper instructions.

If the matters set up in the plea were true and the demurrer admitted them, and appellee was bound by the adjudication, it is not material the suit in the Circuit Court was commenced subsequently to this one, as by pleading the matter as a set-off appellee voluntarily submitted it to the jurisdiction of the Circuit Court, waived his former action in the County Court and the tort alleged therein, and after being defeated upon such plea of set-off, and after a final adjudication upon it by the Circuit Court, he can not be heard again to litigate such matter. The principle of former adjudication with its forceful estoppel is effective against him. By his plea of matter arising since the last continuance in the County Court, appellant waived all

his former pleas, and inasmuch as we hold that plea a suffi-
cient defense to the action in the County Court this
supersedes the necessity of considering any of the other
assigned errors occurring upon the trial of the issues formed
upon the pleas we hold to have been waived.

For the error in sustaining the demurrer to the plea *puis
darrien continuance*, the judgment of the County Court is
reversed and the cause remanded, with directions to over-
rule the demurrer.    Reversed and remanded.